UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joe David Barnard, #299167, *aka Joe D Barnard*, <br><br>  Plaintiff, <br> v. <br><br> Plastics Reclaim Company; Richard Roach, Owner; Jack Parks, Supervisor; Johnny Young, Supervisor, in their individual capacity, <br><br>  Defendants. | C/A No. 8:08-714-HMH-BHH <br><br><br> Report and Recommendation |

The plaintiff, Joe David Barnard ("Plaintiff"), proceeding *pro se*[1], files a complaint in which he claims jurisdiction under 28 U.S.C. § 1446, the removal statute. Plaintiff is an inmate at Manning Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff has a pending personal injury claim in state court, specifically the South Carolina Court of Common Pleas, Spartanburg County, which he is attempting to remove to this Court. This Court does not have jurisdiction of this case under the removal statute and the complaint should be dismissed.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett*

*v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff filed a complaint on the standard complaint form used by prisoners in this District. The first page of the complaint states that Plaintiff has a pending case in "Spartanburg County (S.C.) Court of Common Pleas," docket no. 2006-CP-42-3693, filed on November 3, 2006. Next to the caption on the form, Plaintiff writes "Civil Action No. 2006-CP-42-3693. Filed Clerk of Court, Spartanburg County, 2006 Nov. -3. pm 2:47 Marc Kitchens Removal Action made under 28 USCA § 1446(a); Rule 81(c), FRCVP, 28 USCA and Local Civil Rule 83.IV.01, DSC, 28 USCA." In the statement of claim Plaintiff "contends that it has been more than 15 (fifteen) months" since the State court "adjudicated the merits" of his case. Plaintiff then "claims denial of due process, cruel and unusual punishment; deliberate indifference to his medical needs and denial and foreclosure of access to the courts of the State of South Carolina, County of Spartanburg, which continues to refuse to hear and rule on the merits." The complaint further states that this federal court "can entertain this matter on this basis of Federal Question Jurisdiction to protect and defend this Plaintiff's continued violation of his Federal Constitutional Rights

and provide the requested relief that is stated in his state action already filed therein." The relief section of the complaint requests a jury trial on the merits and the "relief requested in Plaintiff's original State action be awarded and afforded according thereof." The defendants named in the complaint filed in this District Court are the same defendants named in the state court action.

## Discussion

The complaint appears to be an attempt to remove a pending state court case to this federal court under the removal statute. Plaintiff's claims of constitutional violation relate to the length of time Plaintiff's state court case has been pending and appear to be asserted to show federal question jurisdiction exists to allow for removal of the state court case to this District Court.[2] Additionally, the complaint in this case names the same defendants as the state court action and the request for relief is for the relief requested in the state court case. Apparently Plaintiff now wants this Court to consider his state court case. A complaint cannot be used to remove a case from a state court, and the Plaintiff cannot file a notice of removal as required by 28 U.S.C. § 1446 to remove a case pending in state court to this Court.

A complaint is not the appropriate vehicle for removing a case from state court to federal court. Even if the complaint in this case is liberally construed as a Notice of Removal, which is required by 28 U.S.C. § 1146 to remove a case, Plaintiff cannot proceed

---

[2] Claims for violation of federal rights are cognizable in this Court under federal question jurisdiction. The complaint in this case, however, does not allege violation of federal rights by the named defendants. The complaint only presents information to support Plaintiff's removal attempt based on the length of time the state court action has been pending. Thus, the document filed by Plaintiff is not considered a civil rights complaint.

in this Court. Title 28 U.S.C. § 1446(a) allows a "<u>defendant</u> or defendants desiring to remove any civil action" to do so under specified circumstances [emphasis added]. To state the obvious, Plaintiff is not a defendant in the state court action, and thus cannot remove his state court case to federal court under the removal statute. This Court does not have jurisdiction of this case under the removal statute and this case should be dismissed.

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint in this case *without prejudice* and without issuance and service of process. **The plaintiff's attention is directed to the important notice on the next page.**

                                        s/Bruce Howe Hendricks
                                        United States Magistrate Judge

April 2, 2008
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).